# UNITED STATES DISTRICT COURT

for the

Middle District of North Carolina

Greensboro Division



Case No. _____

*(to be filled in by the Clerk's Office)*

QUENTON DAMON HolMAN
_____
*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint.*
*If the names of all the plaintiffs cannot fit in the space above,*
*please write "see attached" in the space and attach an additional*
*page with the full list of names.)*

-v-

NorTH CAROLINA DEPARTMENT OF ALCOHOL
_____
*Defendant(s)*     LAW
*(Write the full name of each defendant who is being sued.* ENFORCEMENT *If the*
*names of all the defendants cannot fit in the space above, please*
*write "see attached" in the space and attach an additional page*
*with the full list of names. Do not include addresses here.)*

```
)
)
)
)
)
)
)
)
)
)
)
)
)
)
```

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

(Prisoner Complaint)

---

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

---

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name QUENTON DAMON HOLMAN

All other names by which you have been known:

ID Number

Current Institution Guilford County Jail-Greensboro

Address 201 S. EDGEWORTH STREET

GREENSBORO    N.C.    24701
      *City*       *State*       *Zip Code*

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

Name North Carolina Department of Alcohol Law Enforcement

Job or Title *(if known)*

Shield Number

Employer State

Address 7327 W. friendly Ave.

Greensboro    N.C.    27410
      *City*       *State*       *Zip Code*

☐ Individual capacity ☒ Official capacity

Defendant No. 2

Name A. T. Wiggs

Job or Title *(if known)* Special Agent

Shield Number

Employer N.C. Department of Alcohol Law Enforcement

Address 1705 Tryon Park Drive

Raleigh    N.C.    27610
      *City*       *State*       *Zip Code*

☒ Individual capacity ☒ Official capacity

Case 1:23-cv-00172-WO-LPA   Document 1   Filed 02/22/23   Page 2 of 28

Defendant No. 3
  Name       K. Kluttz
  Job or Title *(if known)*   Special Agent
  Shield Number
  Employer     N.C. Department of Alcohol Law Enforcement
  Address      1705 Tryon Park Drive
         Raleigh     N.C.    27610
          *City*      *State*    *Zip Code*

     ☒ Individual capacity   ☒ Official capacity

Defendant No. 4
  Name       Duke University
  Job or Title *(if known)*
  Shield Number
  Employer
  Address      2138 Campus Drive
         Durham     N.C.    27708
          *City*      *State*    *Zip Code*

See Attached pages

     ☐ Individual capacity   ☒ Official capacity

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.   Are you bringing suit against *(check all that apply)*:

   ☐ Federal officials (a *Bivens* claim)

   ☒ State or local officials (a § 1983 claim)

B.   Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

    See Attached Pages

   deprived of right to be free from cruel and unusual punishment

C.   Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

Case 1:23-cv-00172-WO-LPA Document 1 Filed 02/22/23 Page 3 of 28

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

See attachment

Undercover Agents ~~flash~~ announced themselves as Agent's and Cuffed me.

## III. Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

☒ Pretrial detainee

☐ Civilly committed detainee

☐ Immigration detainee

☐ Convicted and sentenced state prisoner

☐ Convicted and sentenced federal prisoner

☐ Other *(explain)* _____

## IV. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. If the events giving rise to your claim arose outside an institution, describe where and when they arose.

See attachment

Incident happened on Friday, August 27, 2021 out at a bar.

B. If the events giving rise to your claim arose in an institution, describe where and when they arose.

Case 1:23-cv-00172-WO-LPA   Document 1   Filed 02/22/23   Page 4 of 28

C.  What date and approximate time did the events giving rise to your claim(s) occur?

D.  What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

See attachment

## V.   Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

See attachment

## VI.   Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

See attachment

Case 1:23-cv-00172-WO-LPA   Document 1   Filed 02/22/23   Page 5 of 28

**VII. Exhaustion of Administrative Remedies Administrative Procedures**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A.      Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☐ Yes

☒ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

*N/A*

B.      Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☐ Yes

☐ No

☐ Do not know

C.      Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☐ Yes

☐ No

☐ Do not know

If yes, which claim(s)?

*N/A*

D.  Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☐ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☐ No

E.  If you did file a grievance:

1.  Where did you file the grievance?

N/A

2.  What did you claim in your grievance?

N/A

3.  What was the result, if any?

N/A

4.  What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

N/A

F.     If you did not file a grievance:

     1.     If there are any reasons why you did not file a grievance, state them here:

N/A

     2.     If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

N/A

G.     Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

N/A

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII. Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☒ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

N/A

A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

☒ No

B. If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

   1. Parties to the previous lawsuit

      Plaintiff(s)   N/A

      Defendant(s)   N/A

   2. Court *(if federal court, name the district; if state court, name the county and State)*

      N/A

   3. Docket or index number

      N/A

   4. Name of Judge assigned to your case

      N/A

   5. Approximate date of filing lawsuit

      N/A

   6. Is the case still pending?

      ☐ Yes

      ☐ No

      If no, give the approximate date of disposition.   N/A

   7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

      N/A

C. Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

☐ Yes

☒ No

D.    If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.    Parties to the previous lawsuit

Plaintiff(s)     N/A

Defendant(s)     N/A

2.    Court *(if federal court, name the district; if state court, name the county and State)*

N/A

3.    Docket or index number

N/A

4.    Name of Judge assigned to your case

N/A

5.    Approximate date of filing lawsuit

N/A

6.    Is the case still pending?

☐ Yes

☐ No

If no, give the approximate date of disposition     N/A

7.    What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

N/A

## IX.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:    Feb. 18, 2023

Signature of Plaintiff
Printed Name of Plaintiff    Quenton Damon Holman
Prison Identification #
Prison Address    201 S. Edgeworth Street
Greensboro             N.C.          27401
              *City*                   *State*              *Zip Code*

### B.    For Attorneys

Date of signing:    _____

Signature of Attorney
Printed Name of Attorney    _____
Bar Number    _____
Name of Law Firm    _____
Address    _____
              *City*                   *State*              *Zip Code*

Telephone Number    _____
E-mail Address    _____

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

Case# ~~☐2-CR~~

Judge

QUENTON DAMON HOLMAN, Pro Se,

plaintiff,

V.

NORTH CAROLINA DEPARTMENT OF

ALCOHOL LAW ENFORCEMENT,                    CIVIL RIGHTS COMPLAINT

SPECIAL AGENT A.T. WIGGS,                   DEMAND FOR JURY TRIAL

SPECIAL AGENT K. KLUTTZ,

DUKE UNIVERSITY,                    under 42 U.S.C. § 1983

DUKE CAMPUS POLICE,

UNKNOWN DUKE CAMPUS POLICE OFFICER, John DOE,

Defendant(s).

## INTRODUCTION

This is a civil rights action filed by Quenton Damon Holman, for damages under 42 U.S.C. § 1983, alleging excessive force, denial of medical care and bystander liability in violation of the Eighth Amendment to the U.S. Constitution, fabrication of evidence in violation of the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution. The plaintiff also alleges the State tort(s) of fraudulent Concealment, failure to ~~train~~ supervise, assault and battery and

Intentional and Negligent infliction of Emotional distress.

## Jurisdiction

1. The court has jurisdiction over the plaintiff's claims of violation of federal Constitutional right(s) under 42 U.S.C. §§ 1331 (1) and 1343.

2. The court has supplemental jurisdiction over the plaintiff's state law tort claims under 28 U.S.C. §1367.

## Parties

3. The Plaintiff, Quenton damon Holman, was not incarcerated at the time of events described in this Complaint, but is being held at Guilford County Jail-Greensboro, 201 S. Edgeworth St., Greensboro, N.C. 27401.

4. The Defendant, North Carolina Department of Alcohol law Enforcement, Employs S.A. A.T. Wiggs and S.A. K. Kluttz, an is sued in their Official Capacity, 7327 W. friendly Ave., Greensboro, N.C. 27410.

5. The Defendant(s), Special Agent(s) A.T. Wiggs and K. Kluttz, are Employed by N.C. Dept. of A.L.E., and is sued in their Official and Individual Capacities, 1705 TRYON PARK DRIVE, Raleigh, N.C. 27610

6. The Defendant, Duke University, is sued in their Official Capacity, 2138 CAMPUS DRIVE, Durham, N.C. 27708

7. The Defendant, Duke Campus Police, is sued in their Official Capacity, 502 Oregon Street, Durham, N.C. 27705

8. ~~the~~ The Defendant, Unknown Duke Campus Police Officer, employed as a Duke Campus Police Officer, is sued in his Official and Individual capacity, 502 Oregon Street, Durham, N.C. 27705

9. ALL Defendant(s) have acted, and continue to act under color of state law at all times relevant to the Complaint.

## FACTS

10. On Friday the 27th of August, 2021, I, plaintiff, was seized by N.C. Department of Alcohol law enforcement agent A.T. Wiggs, he stated I was moving funny.

11. plaintiff was Immediately placed in handcuff's.

12. I got scared and ran, (cause, I was seized and put in handcuff's for no reason and unsure of what was next) as, I was running away, I fell.

13. S.A. K. Kluttz grabbed my arm and lifting me up, at the sametime, a Duke Campus police officer (unknown) was jumping a gate to help Kluttz, when Wiggs ran up and forearmed me while, I was on my knees and handcuffed.

14. S.A. A.T. Wiggs forearmed me multiple times across my face

as S.A. K. Kluttz was kneeing me in my chest and rib cage. I was on my right side, Kluttz was then resting on me, his knees was on the left side of my ribs and his body weight was holding me down.

15. The Duke officer stood back and watched, he never touched me, after the first forearm.

16. When, I was being lifted up there was excruciating pain in my chest and rib area, it was hard for me to breathe.

17. S.A. A.T. Wiggs was putting me in his truck, I told him, I can't breathe my chest hurt he put the seat belt on me.

18. AT Durham County Jail in the Magistrate's Office, the pain was worst, I could barely talk cause of shortness of breathe, slumped over in the chair, I had to use the table to stand up in front of the Magistrate and to hold myself up.

19. I told the Detention Officer's I needed to see Medical they said, they would call.

20. Before Medical saw me I was bonded out around 4:30 Am My left side was swollen, My bondsman witnessed it and advised that I go to the hospital.

## Misuse of force

21. I ran out of fear, I knew, I did nothing wrong to make police seize me and cuff me.

22. When, I fell Kluttz was helping me up, Until Wiggs came running full force at me.

23. Unprovoked and while I was defenseless handcuffed behind my back, Wiggs attacked me with a barrage of forearms to my face and head.

24. Kluttz decided to assist Wiggs at that point and began kneeing me in my ribs and Chest, while he held me in place (By holding my arm). When he was tired he used both knees to pin me down with his weight and rest while Wiggs struck me.

26. Handcuffed and pinned down, I could not block or ball up my body to protect myself from the onslaught.

27. After the described assault, I was then taken to Durham County Jail, and denied medical assistance from Special Agent(s).

28. After bonding out, My girlfriend drove me to Duke Regional Hospital.

## Bystander liability

29. John Doe "unknown Duke Campus Police Officer", that assisted Wiggs and Kluttz, had a body-worn Camera on, during this event.

30. During this event, this Officer Doe stepped back and watched, failing in his Duty to intervene and/or protect.

31. During this event, Kluttz also Could have stopped Wiggs, failing in his Duty to protect and/or intervene and instead he joined Wiggs.

## Negligence

32. a. Defendant(s) Wiggs, Kluttz, and Doe, ~~et~~ failed to file use of force report.
    b. Defendant(s) Kluttz, Wigg, and Doe failed to report Officer's misconduct.

## Fabrication of Evidence

33. Special Agent(s) Wiggs and Kluttz, told Magistrate, I refused Medical assistance.

34. Stated, I was kicking at them while handcuffed and on the ground.

35. Stated, the Duke Campus Officer assaulted me.

## Denial of Medical Care

36. During the event, While being put in the truck to be transported to Durham County Jail, I told Wiggs it's hard for me to breath and my chest hurt bad.

37. Wiggs stated, " you shouldn't have ran " and " you'll be ok "

38. At Durham County Jail, I was told she is coming around, But bonded out before, I saw her. An went to Duke Regional Hospital.

## Claims for Relief

39. The actions of defendant(s) Wiggs, Kluttz, John Doe (unknown Duke Campus Officer) in using physical force against the plaintiff without need or provocation, or in failing to intervene to prevent the misuse of force, were done maliciously and sadistically and constitute cruel and unusual punishment in

7

Violation of the Eighth Amendment of the United States Constitution.

40. The actions of defendant(s) Wiggs, Kluttz, and Doe in using physical force against the plaintiff ~~too~~ without need or provocation Constituted the tort of assault and battery under North Carolina Law, as well as, NIED/IIED.

41. The actions of defendant(s) Kluttz and Doe to take action to prevent or stop the assault on plaintiff by Wiggs and later Kluttz ~~contitut~~ Constituted deliberate indifference to the saftey of plaintiff and contributed to and proximately caused the misuse of force and assault and battery, as well as, NIED/IIED.

42. N.C. Dep't. of A.L.E., Duke University and Duke Campus Police Defendant(s) failure to take disciplinary action or other action to Curb the known pattern of failing to intervene or stop the misuse of force by Coworkers or fellow L.E.O's and their failure to Curb physical abuse of suspect(s) or Civilians by Wiggs, Kluttz and Doe, Constituted deliberate indifference to the Safety and welfare of plaintiff and citizens of the City of Durham, and contributed to and proximately caused the above-described violation of Eighth Amendment rights and assault and battery and NIED/IIED, Negligence.

43. The actions of defendant(s), Duke Campus Police, Unknown Duke Campus Officer, John Doe, Wiggs and Kluttz in failing to Provide Body-worn Camera footage, Identy of Duke Campus Police Officer, use of force report and Duke officer's report, deprived plaintiff of due process of law in Violation of the fourteenth Amendment to the United States Constitution.

44. The failure of defendant(s) Wiggs and Kluttz, to seek medical attention for plaintiff after their known physical assault to his person, Constitute's deliberate indifference to the plaintiff's serious medical needs in Violation of the Eighth Amendment to the United State's Constitution.

45. The failure of defendant(s) Wiggs and Kluttz, to provide medical attention for plaintiff after their assault on him and being told he could not breathe and chest pain Constitute's tort of Negligence and Intentional infliction of emotional distress, under North Carolina Law.

## Belief Requested

WHEREFORE, plaintiff requests that the Court grant the following relief:

A. Issue a declaratory Judgement stating that:

1. The physical abuse of the plaintiff by defendants Wiggs & Kluttz violated the plaintiff's rights under the Eighth Amendment to the United States Constitution and Constituted an assault and battery under state Law.

2. Defendant(s) Wiggs and Kluttz, failure to provide Medical aid/assistance/treatment to plaintiff after they Knowingly assaulted him, Violated plaintiff's and Continued to violated, plaintiff's Eighth Amendment rights under the United States Constitution.

3. Defendant(s) Doe and Kluttz, failure to Intervene and stop and/or report Wiggs, physical abuse on plaintiff, Violated plaintiff's Eighth Amendment right under the United States Constitution and Constituted assault and battery, Negligent and/or Intentional infliction of Emotional Distress, Negligence under State Law.

4. All action(s) Committed by Defendant(s) Wiggs, Kluttz and Doe, Constituted Negligence and Negligent and/or Intentional infliction of Emotional Distress under State tort Laws.

C. Award Compensatory damages in the following amounts:

1. $100,000 jointly and severally against defendants Wiggs, and Kluttz, for the physical and Emotional injuries sustained as a result of the plaintiff's beating.

2. $100,000 jointly and severally against defendants Wiggs, Kluttz and Doe, for their failure to stop and/or report the beating and the physical and Emotional injuries sustained as a result of their failure to intervene.

3. $50,000 jointly and severally against defendants Wiggs and Kluttz, for the physical and Emotional injuries cause by their failure to provide adequate Medical Care to plaintiff.

4. $100,000 severally against defendants N.C. Dep't of A.L.E., Duke University, and Duke Campus Police, for the physical and emotional injuries sustained as a result of their failure to Supervise, train, and/or discipline.

D. Award punitive damages in the amount:

1. $2,000,000 each against defendants Wiggs and Kluttz.

2. $1,000,000 against defendant Doe.

5. N.C. Dep't. of A.L.E, Duke University and Duke Campus Police, failed to Supervise, train and discipline it's Agent(s) and Officer(s) and/or take action to Curb the known physical abuse and Agent(s) or Officer's failing to Stop or Report their fellow Agent(s) or Officer's, Violate plaintiff's rights under the Eighth Amendment to the United States Constitution and Constituted assault and battery, Negligence, and Negligent and/or Intention Infliction of Emotional Distress.

B. Issue Injunction ordering Defendant(s) **N.C. Dep't of A.L.E.**, Duke University and Duke Campus Police to:

  1. Immediately retrain all of their Agent(s) and Officer(s) to Descalading techniques.

  2. Immediately implement policy that Agent(s) and Officer(s) report, a fellow Agent or Officer for unnecessary use of force.

  3. Immediately implement policy that body-worn camera(s) must be used and it's footage not to be tampered with, at all time(s) during Civilian interaction, arrest, Investigation(s), and execution of search warrant(s).

3. $5,000,000 each against defendants N.C. Dep't of A.L.E., Duke University and Duke Campus Police.

E. Grant any other relief as it may appear plaintiff is entitled.

Pursuant to 28 U.S.C. 1746, I, Quenton Damon Holman, declare under penalty of perjury [that the following is/that everything herein] is true and Correct.

*Quenton Holman*

Quenton Damon Holman

On this 18th day of Febuary , 2023

Respectfully Submitted,

*Quenton Holman*

Quenton D. Holman
201 S. Edgeworth St.
Greensboro, N.C. 27401

# XR RIBS LEFT 3 
# PLUS VIEWS
Ordered by LEAH MARIE BLANEY, NP

Collected on 8/28/21

Resulted on 8/28/21

## NARRATIVE & IMPRESSION

XR RIBS LEFT WITH PA CHEST 3 PLUS VIEWS

Indication: left rib pain, R07.81
Pleurodynia

Comparison: None.

Findings/ Impression:
Cardiomediastinal contours are within
normal limits.
Lungs are well-expanded and clear without
confluent consolidation, pleural
effusion, pulmonary edema or evidence of
pneumothorax.
Acute, mildly displaced fractures of the
left 9th and 10th ribs and acute
nondisplaced fractures of the left 8th and
11th ribs.

Electronically Signed by: Olivia Raulli,
MD, Durham Radiology
Electronically Signed on: 8/28/2021 11:07
AM

## IMAGES

<u>Tap here to view full-resolution images.</u>

Final result



EXHIBIT

AA  🔒 eunitymc.duhs.duke.edu  🔄

Home    Markup    🔔  🔅  ❓

XR RIBS LEFT WITH PA CHEST 3 PLUS VIE... (7)
28-Aug-2021 10:35:46



XR RIBS LEFT WITH PA CHEST 3 PLUS VIE... (7)
28-Aug-2021 10:35:46



For diagnostic use you must adhere to these guidelines

